Marjorie F. Ford v. Commissioner.
Ford v. Commissioner
Docket No. 2137-70 SC.
United States Tax Court
T.C. Memo 1971-255; 1971 Tax Ct. Memo LEXIS 79; 30 T.C.M. (CCH) 1104; T.C.M. (RIA) 71255; September 30, 1971, Filed. John C. Graham, Citz. Bank Bldg., Zanesville, Ohio, for the petitioner. Donald W. Mosser, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1968 in the amount of $281. The issue before *80 the Court is whether, in 1968, the petitioner is entitled to a dependency exemption for two of her daughters under section 151 [1] of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and are found accordingly. Marjorie F. Ford, the petitioner, resided in Zanesville, Ohio, at the time she filed her petition in this case. She filed her income tax return for the taxable year 1968 with the District Director of Internal Revenue at Cincinnati, Ohio. The petitioner was formerly married to Rex R. Ford. They were separated on May 29, 1967, and she obtained a decree of divorce on April 16, 1968. Kimberly and Heidi Ford, who at the end of 1968 were ages 8 and 10, respectively, are children of the petitioner and Rex Ford. The divorce decree did not determine child custody and initially the Juvenile Court of Muskingum County, Ohio, took legal custody of Kimberly and Heidi. Also, the decree did not specify which parent would be entitled to claim these children as dependents for income tax purposes. During the year 1968, Rex Ford paid $1,060 into the *81 Juvenile Court of Muskingum County, Ohio, for the support of Kimberly and Heidi. Although legal custody of the children was not given to the petitioner in 1968, they actually lived with their mother and another older daughter, Sharon. For the first 5 months of 1968, the petitioner and her children lived in a rented house for which the petitioner paid a total rental of $325. For the last 7 months they lived in their own home where they used the downstairs and rented the upper floor. Both floors were of the same basic plan containing a kitchen, living room, dining room, two bedrooms, and a bath. The upper floor rented for $100 a month and the fair rental value of the portion used by the petitioner was also $100 a month ($700 for the year 1968). Utilities expense for the year totalled $395.50 and repairs were $132.19. The petitioner expended $2,000 during 1968 for food for herself and the other members of her household. She also spent an additional amount for clothing, education, and medical expenses, and other miscellaneous purposes for each child which aggregated $616. The total amount expended for the support of each of petitioner's children in 1968 was $1,504.17. The petitioner *82 furnished well over one-half of that amount. Opinion Section 151[2] provides a dependency exemption for each dependent as defined in section 152(a). [3] In order to claim the exemption, a taxpayer must prove that he 1105 furnished over one-half of the dependent's support in the year in question. Additionally, for the taxable year 1967 and subsequent years, special rules are provided where a child of divorced or separated parents is involved. In essence, section 152(e) [4] states that the noncustodial parent shall be deemed to have contributed over one-half toward a child's support if he provides $1,200 or more for the support of the child and the custodial parent does not "clearly establish" that he or she provided more for the child's support in the year in question. While there is a difference of opinion as to what is required in the way of proof to "clearly establish" the necessary facts (See Allen F. Labay, 55 T.C. 6 (1970), on appeal (C.A. 5, Jan. 4, 1971), which contains a discussion of a "clear preponderance" of the evidence as opposed to "clear and convincing proof".), there is no question that section 152(e) places a heavier burden of proof on the custodial *83 parent.
*84 In the instant case, we must first determine whether or not section 152(e) is applicable or, to state it more directly, whether or not Rex Ford provided $1,200 or more toward the support of Kimberly and Heidi. On the basis of the record before us, we cannot conclude that he did. We have already found that he made support payments of $1,060 ($530 per child) through the Juvenile Court of Muskingum County, Ohio. Mr. Ford testified that in addition he gave $539.94 toward the support of Kimberly and $570.94 to Heidi. The largest portion of these amounts is attributable to Mr. Ford's allegation that he had the children 104 days in 1968 when he expended estimated sums of money in buying them food, providing lodging, and entertainment. Other witnesses contradicted this testimony. In essence, they testified that Mr. Ford did not visit his children often, that when he did he only stayed for two or three hours and they did not stay overnight with him more than seven or eight times. As to items such as clothing and medical and hospital expenses, for which some receipts were furnished, we are not convinced that the expenditures were made in 1968. Further, the record is devoid of any indication *85 as to whether these expenditures are in addition to the payments made into the Juvenile Court or whether some allowance has been made for them. So here, on the basis of the record, we cannot conclude that Mr. Ford furnished any more than $1,060 for the support of his children and we therefore hold that section 152(e) is not applicable. Turning to the ultimate factual issue, we have already found that the petitioner furnished over one-half of the support of Kimberly and Heidi in 1968. The amounts claimed for housing, utilities, food, school, clothing, hospitalization, and recreation are modest and reasonable. Although the proof adduced at trial could have been more definitive, we believe it was sufficient to establish that the petitioner was entitled to the dependency exemption. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the petitioner. 1106 Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. ↩
3. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * ↩
4. SEC. 152(e). Support Test in Case of Child of Divorced Parents, etc. - (1) General rule - If - (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩